We'll hear argument first this morning in Case 22-210, Dupree v. Younger. Mr. Tutt. Thank you, Mr. Chief Justice, and may it please the Court. When a district court resolves a purely legal issue against a party at summary judgment, that issue is preserved for appellate review. There is no requirement that if the case then progresses to a jury trial, the aggrieved party must make two additional motions repeating the same legal argument, simply to ensure the issue remains live for review on appeal. That follows from the final judgment rule, the history of appellate review, the history of the Federal Rules of Procedure, and common sense. Mr. Younger argues that already resolved legal issues must be re-raised at trial to be preserved, but it is not clear to me how he thinks that should be done or why he thinks it should be required. He has offered two very different rules to this Court, one astonishingly wasteful and the other entirely superfluous. In his brief in opposition to certiorari, Mr. Younger suggested an entirely superfluous rule, that parties could preserve purely legal issues by just adding one sentence to Rule 50 JML motions. But if that were the rule, it would truly be a pointless formality with no benefit whatsoever. An add-one-sentence Rule 50 motion would never be granted because it is just a bare request for the judge to reconsider her earlier ruling at summary judgment. And the posture of any resulting appeal would be no different than if the appeal were taken directly from the error in the denial of the summary judgment motion. The rule would not prevent retrials, for example, following successful appeal because any subsidiary fact disputes would not have been the subject of the trial. The add-one-sentence rule would only be a pointless gotcha rule. Seemingly recognizing that the add-one-sentence rule has no point, Mr. Younger pivoted to an astonishingly wasteful rule in his merits brief in this Court. Under that rule, he says, to preserve a purely legal issue for appeal, parties should insist on trying the case as if the claim was not already foreclosed. Parties should call every witness, introduce every document into evidence, and fight over jury instructions all as if the judge had never ruled on summary judgment at all. He claims that this approach would avoid retrials in the event of successful appeals. But it would never happen. No one thinks it is right, and I doubt Mr. Younger will defend it here today. And if you'll permit me to go slightly over time, I'll just close by saying that the Court should reject a rule that would prevent appellate courts from correcting clear legal errors, even when those errors can be intelligently reviewed on an undisputed record and when no party is prejudiced by that review. I welcome the Court's questions. Mr. Tutte, how would you define purely legal? If you were talking about whether or not this was a cause of action or whether a defense was cognizable, I would understand your argument, I think, more clearly. But how would you demonstrate, how would you prove, for example, exhaustion? It seems that you would need some facts. Well, Your Honor, we simply put an issue as purely legal when it can be resolved with reference only to the undisputed facts. That is the way that the Court framed it in the Ortiz v. Jordan case. And what it means is that when at summary judgment you make a motion and you say, I don't dispute the plaintiff's account of what happened, and the plaintiff doesn't dispute any of my facts, and so given that nothing's in dispute, I should be awarded summary judgment. Then your motion is purely legal. Well, but I think doesn't that sort of defy sort of the way things are done as a matter of practice? Because sometimes you would actually try it differently from how you anticipated it at the pretrial stage. Your Honor, that might be so, but in cases like ours where the undisputed facts were the basis for the judge ruling against you. So in this case, once we admitted, and we do admit that there was an IIU investigation, once that was admitted, it was impossible for us to win on the exhaustion case. So you're saying that the respondent will say that there were no disputed facts? I don't think respondent would dispute with us that that issue was purely legal, that whether an IIU investigation means that PLRA remedies are unavailable. We do not believe respondent disputes at all, and has never disputed that that issue is purely legal. No facts are in dispute, and it was resolved against us on the basis of what we regard as a legal error, and we would like to bring to the court of appeals. Now, there were other – according to respondent, there were other factual disputes in the case. We don't agree, but whether you agree with us on that or not, the fact that there was a pure legal error that prevented us from having any hope of succeeding or prevailing at the trial on this issue meant that it was out of the case. Any good lawyer who is familiar with the final judgment rule would think that after exhaustively briefing this issue and after Judge Bennett wrote an opinion on it saying, this fact is established and under this fact you cannot prevail on this defense, they would not believe that they needed to do anything further to preserve that issue for review. So, Mr. Tutte, you're right. There were a few different bases for – that the other side argued for excusing exhaustion. One was the opacity of the procedures. Another had to do with an allegation that your clients had frustrated his ability to do that. Those are pretty fact-bound. Are you letting those go? Is it just the IIU investigation point that you think is preserved? We think that – we think that anything that can be resolved without reference to disputed fact is preserved. So – And I'm just asking if there's those three categories of arguments, which one's preserved? So we think definitely the IIU investigation error is something that we can raise on appeal. And if we were to win and the court – the Fourth Circuit were to believe that there were disputed facts about opacity or thwarting, there would be a remand and we would have further briefing. All right. And let me ask you about that because that raises my bigger question. You're not willing to let those go. You say those might be preserved too. But all the district court actually did was deny your motion for summary judgment on your affirmative defense. There was no ruling granting anybody a judgment as a matter of law. And that's pretty awkward to fit into the box that Justice Thomas alluded to, a pure legal question was resolved. Arguably, nothing was resolved. Denial of summary judgment is not a ruling definitively in favor of anybody on anything. Your Honor, I read Judge Bennett's order as definitively saying that we lose on exhaustion. And I don't know of a way to read that order that doesn't say that. Well, a way to read it would have been a grant of summary judgment in favor of the plaintiff on affirmative defense. I take your point that there are some purely legal questions that you might not have to renew. I'm not fighting that on the QP. I just think it's a very small class of cases that fall into that rule. And when I look at the lower court opinions, particularly the Seventh Circuit's thoughtful decision in this area, it's in most cases involve questions of fact that are intertwined and have to be presented. There are a very small class of cases that don't. And I just struggle to see whether maybe we've picked the right case for deciding this question, given that I would have thought that in affirmative defense, you would have had to raise something at trial. You didn't even make a proffer of evidence. You didn't do anything at trial on your own affirmative defense. Well, Your Honor, I promise you picked the right case. I know it's not you, counsel. I promise you picked the right case. The relevant fact that meant that we were not going to win at trial was undisputed at summary judgment. Well, here's the thing, though, on that. Let me just press on that. So a district court issues a denial of summary judgment. You're right. He said, I think as a matter of law, I use good enough to excuse. But things happen between summary judgment and trial. And a district court's initial ruling on a denial of summary judgment, if I'm the district court judge, I might feel a little sandbagged by this procedure. And without having had an opportunity at trial to reconsider my initial decision, I have not entered judgment in favor of the other side. I've just denied a motion for summary judgment. And I might have wanted the opportunity to say, here's what would often happen, I think, is the district judge would say, you put on your affirmative defense. Put on all your evidence. And let's go to the jury. And the jury may reject it, in which case I'm home free. I don't have to worry about it. Or if the jury accepts your affirmative defense, I can then enter judgment as a matter of law for the other side at that point. And then all the evidence is in the record. It's all fully complete for the court of appeals. So the court of appeals can decide my J.M. Mallell ruling after trial. And if it rejects it, it's got the full record available to it. And it can reaffirm the jury verdict. And we don't have to go try it again. So that's how I might feel sandbagged if I were in the district judge's shoes. What's wrong with that? Your Honor, what I think is primarily wrong with it is that it puts an incredible amount of weight on the formal question whether Judge Bennett entered summary judgment against us on this issue. It puts everything on the idea that the order wasn't actually a grant of summary judgment. It was merely a grant of summary judgment to Mr. Younger. It was a denial of summary judgment. It wasn't a grant of summary judgment. But he effectively granted summary judgment to Mr. Younger because we could not prevail at the trial on this defense. And so I wish it were as easy as Your Honor is suggesting to then try. But, Mr. Tutt, why isn't it as easy? I mean, I'm surprised by your answer to that question because I'm looking at the district judge's order. And it is clear from the order that the court said he did not need to resolve disputes concerning Younger's adherence to the process. He lists a number of factual disputes. He says these issues are still up in the air, but I don't need to resolve them because I'm making this legal ruling. So I don't see how this judge would have been sandbagged given the way in which he resolved this question of summary judgment. Am I wrong to put that much weight on his actual ruling with respect to this issue? No, not at all. I think you're on page 42A of the PET app is the critical page. And he says in the second paragraph that I need not resolve disputes about facts because there was an IIU investigation. But the preceding paragraph is not listing facts that are in dispute. And I want to make very clear, we don't dispute anything that Mr. Younger says he did or happened to him. We don't dispute any facts in this case. Nothing is disputed. But even if you did, that wasn't the basis for the district court's ruling in this case. I mean, couldn't you have set aside any of the factual issues about whether or not exhaustion actually happened given that the judge says I don't care about those issues. What I'm focused on is the, in the next sentence, there's no dispute that the IIU undertook an investigation concerning Younger's assault. That was the only fact that the district court cared about. It was undisputed. And then he made his legal ruling. So I guess I'm a little confused as to why we would have a judge caring about facts related to this in the context of the trial. As a district judge, I think I would be annoyed if you tried to re-raise issues related to this exhaustion question that I had already ruled on, you know, in this way. No, Your Honor, I accept the help. I think you're agreeing with me that you would never raise this at trial because the judge has already said this claim is over. It's done. I ruled on it. There's no facts to put to the jury. The jury doesn't have a role to play on this issue because the one fact that decides it has already been admitted. And so let's get on with the trial. Juror's time is very valuable. The court's time is valuable. And the idea that you would try a claim, try out extra factual issues that might be relevant only if you can convince a court of appeals to reverse and remand seems like the height of waste and something that would never happen. And, in fact, we cannot figure out exactly how this trial would happen. So, you know, would you make evidence objections? Because, again, we cannot prevail on this, so why are we trying to put in irrelevant evidence? Well, let me see if we can unpack that a little bit. So you're asking for remand on the IIU issue. And, presumably, if you prevail and IIU is not a matter of law preclusive of your exhaustion defense, you want a remand to trial, a second trial on exhaustion, right? Well, we are going to argue to the court that, actually, given the undisputed facts, we are entitled to judgment. Sure. And the other side says there are plenty of disputed facts aside from the IIU, right? Yes, Your Honor. And so the ultimate outcome would be a trial on exhaustion. Yes. All of which could have been avoided if you had raised this issue in the first instance at trial and alerted the district judge to that potentiality. And the district judge might have been annoyed and said no, but might have said yes and might have said let's try it. And I can always reserve judgment and grant judgment as a matter of law after the jury's verdict if I have to. Let me give you three reasons why that's not a good idea or not what would happen. First, if all we are needed to do to preserve this, and if the court were to announce a rule, we would want the bright-line rule of one sentence. But if that was the rule, the probability the judge will change her mind because we added one sentence to our Rule 50 motion is exactly zero. It is a unicorn. We will not prevail in convincing. No, I understand that. But forget about the Rule 50 motion. There was nothing for the Rule 50 motion to act on because you hadn't put in any evidence. You hadn't even sought to put in any evidence of your own affirmative defense. Well, Your Honor, that was because at summary judgment we had already. No, I understand that point. But forget about the Rule 50 motion. There's nothing to seek judgment on when you haven't even put on an affirmative defense. Your Honor. It's your burden in that case. So all I guess I'm saying is now we're going to have two trials when one might have sufficed if you had actually sought to put on your affirmative defense. Your Honor. And I am not arguing with your basic premise that there are some legal issues that you don't need to raise. Your Honor, if we had tried to put exhaustion on at trial, I think that the other side would have said, what are you doing? You're distracting the jury. We'll never know what they would have done. Your Honor, I just don't know of a situation where this would actually happen, where you would try to press a foreclosed or a doomed claim. Can I take you to what's been troubling me? I do agree with you that the district court appears to have made a legal ruling that the existence of an IAU as a matter of law stops any grievance proceeding. Correct? That was a ruling. Yes, Your Honor. But I thought the argument before the judge was it doesn't because we have an example of at least two other prisoners who were able to pursue their grievance proceeding despite the existence of an IAU. Correct? Yes, Your Honor. Now, I haven't gotten into this part of the record, but maybe the other side will correct me or not. But I don't know if those two other prisoners' situation was identical to this prisoner, whether the IAU issues involved in that ongoing proceeding grievance were the same as the IAU. But putting that aside, it seems to me that that factual issue was inherent in the question that was presented here, meaning you're going to have to put in some facts to show that the IAU is not enough to stop a grievance proceeding. And so what were the facts that you would have put on? It's not, in my mind, this goes back to Justice Thomas' question is, is it a purely legal question? Yes. And I think this gives me a chance to really, the terminology purely legal in this context in the court's cases in this area is a little bit different than how it uses purely legal in some other contexts. The court's cases, when the court says purely legal, it means without reference to disputed facts. That's what it said in Ortiz. That's what it has said in the collateral order cases. And so why is that important? It's important to the other prisoners because Mr. Ure doesn't dispute the fact that those other prisoners were able to obtain relief by going through the process even though there was a pending IAU investigation. The facts are not in dispute. So what that means is that there's nothing for the jury to do in this case. It's not resolving disputed credibility. It's not resolving anything. This is really, it's a difficult question. It's a question that calls on the judge to exercise his judgment as a matter of law. No, I beg your pardon. Yes, Your Honor. Someone's going to have to look at the nature of those IAU proceedings and the grievance process. And that's factual. That's not purely legal. Yes, they went through. But there's no concession that they went through on the issue that was in question here, whether or not an assault had happened. Your Honor, in the JA is the summary judgment briefing. And Mr. Ure doesn't dispute that these other prisoners were able to make use of the process and really doesn't take issue with the idea that they're similarly situated  Assume that I disagree. Yes, Your Honor. The question was, yes, they did for something, but that doesn't answer the question of for what and what that means and why. Those are factual questions in my mind. So assume my assumption. Yes, Your Honor. You know, what I will say is the bigger picture of this case beyond the facts of this case are that at summary judgment, when the two parties join issue on undisputed facts, it is a question that is teed up only for the judge to resolve. And when the judge resolves it against you and you don't dispute the relevant fact, so even saying that there is that subsidiary fact dispute about whether there are similarly situated prisoners, that could be resolved on remand. So if Mr. Younger is correct, we still lost because the IAU investigation was undertaken. And so that's still a purely legal error. Mr. Cutt, so could you win here on the QP and given that there might be some complexities with respect to whether this was a mixed question or a purely legal question, could you win here on the QP and then have to fight it out on remand? I mean, your friend on the other side says you shifted arguments on appeal anyway, so you might have forfeited it. Yes, Your Honor. Why should we decide any of that? We have a tricky task on remand, but you can obviously decide the QP for us and let us go and meet our burden on remand in the Fourth Circuit. But we think this is reviewable. And that's, I mean, the bigger question that ultimately this is about is we contend this case came out wrong. This is a verdict that should never have happened. Lieutenant Dupree should not be subject to this judgment. But we don't have to decide that. Yes, Your Honor. That's right. And we don't even have to decide what the standard is. You're saying that the standard should be without reference to any undisputed facts, but we don't necessarily even have to articulate a standard here, right? Because there's some disagreement among the circuits on the majority side of the split about how to isolate that question of what is a purely legal issue. I mean, maybe we should let that percolate. Your Honor, yes. You can rule for us as long as it says reversed at the bottom. You'll take anything. We'll take it. You know, we think that the eight circuits, some of them have had this rule for decades. Most, if not all, of the circuits use the sort of undisputed fact framework and have not had any difficulty with administering this rule or allowing parties to take this appeal. And the reason is that they all have adopted the one sentence added to your JMOL just as a formality method of preservation from what we understand. And when it comes down to that, when you're down to just put in a sentence in your JMOL, then really there's no purpose in the rule at all. And the only way to make it sure that parties actually are able to do this preservation confidently and be able to make sure that they're actually going to be able to take their appeal is to make it a rule that simple. And so the idea that you'll have to try a counterfactual fake trial on a foreclosed issue that the judge has already said you lose on really would be very, very difficult for counsel to actually know that they've actually preserved their issue. What do we say to that? The JMOL thing doesn't really fit here because there was no affirmative defense presented, so there's no JMOL. But put that aside. The other side's response would be something like this. Prudent counsel will always put that line in the JMOL anyway to avoid malpractice possibilities later. So whatever we say, they're still going to do it. And why not a clear, bright line rule that's easily administrable, puts everybody on notice, and avoids potential malpractice claims for everyone? I think that's the pitch on the other side for a case that isn't yours. So let me give you three reasons why it's a little bit more difficult than that. And first is that this rule that you have to re-raise this issue in a JMOL, it goes against the grain of what the structure of the final judgment rule is for every other kind of interlocutory order. If you lock up a legal error in an interlocutory order on the way to trial in any other context, and I don't think Mr. Younger disagrees, it is preserved for review. You know, in exchange for only getting that one appeal, you know that any error in that interlocutory order is going to merge. And so there will still be inadvertent forfeitures, Your Honor. Parties will still, because they're thinking about the structure of how this is done and how issue preservation is done, and they're just not in tune with this Court's holding, even if this Court were to adopt a brine line rule. I mean, maybe it would be in the CLEs for a while. Maybe people would know about it for a while. But it goes against the instincts of lawyers about how orders merge into final judgment. And it's not as simple. I mean, if you were to adopt Mr. Younger's rule, it is not as simple as adding one line, apparently. Apparently, you have to come to the Court, you have to try to get the evidence in. The judge will say, what are you doing? Why are you trying to try this issue? I told you you already lose. You'll have to figure out exactly how you can do it in a way where everybody agrees, okay, I'm not going to say that you waived this issue on appeal if you don't actually try to try it. I mean, I'm just thinking back to my practice days, and I'd always at least make a proffer. And I would always put that line in, better safe than sorry. And I doubt that many people think strategically about, oh, well, that's preserved. I don't need to raise it. I think your better argument isn't for those folks. It's for the accidental, you know, the fellow who isn't thinking about these issues. And even if it's easy, and I'll grant you that, you know, if this Court were to say all you have to do is add a line, it would be relatively easy. We'd be able to do it. It still has some cost. You can finish your answer. Thank you, Your Honor. It still has some cost. And any cost for a rule that truly has no purpose is too high a cost. Justice Thomas? Justice Alito? Well, what if this rule were spelled out in black and white in the civil rule, the Federal Rules of Civil Procedure? So it would be simple. But going forward, attorneys would be charged with reading the rule and seeing that this is what they have to do. It would be very simple. Your Honor, if it was in the rules, I think we would have to follow it. That's just black letter law. So I think we would have to do it. But right now it's not clear. It's not clear. It's not in the rules. Justice Sotomayor? Yeah. Justice Kagan? Justice Kavanaugh? Justice Jackson? Yeah. I'm still struggling to understand the point of putting the line in there. Is it your position that nothing that happened at trial or would happen at trial would change the district court's view of the ruling that had already been made on this issue? Yes, Your Honor. Yes, this was entirely divorced from anything at the trial. And so the court of appeals could have taken this up. There's nothing about the trial or the fact that there was no evidence related to this affirmative defense that prevented the court of appeals from ruling on this issue. They just invoked this principle that because you hadn't put the line in or you didn't raise it again at Rule 50 that they just weren't going to do it. Yes, Your Honor. Yes, that's exactly right. And can you think of a reason why you would need to do that? No, Your Honor. We've been struggling, and apparently Mr. Younger has been as well, because no one can come up with a good reason for this rule except that it's a technicality that crept in to practice and has been followed. But we cannot think of a reason that you need to do this one sentence in the two motions book-ending the verdict. We just don't know what's gained. Thank you. Thank you, Your Honor. Thank you, Counsel. Ms. Zaharia. Mr. Chief Justice, and may it please the Court. When a court denies summary judgment, even on a question of law, it delays final adjudication of a claim or defense until trial. The claim or defense remains live. The only way to finally adjudicate a claim or defense at summary judgment is to grant summary judgment to the moving or to the non-moving party. When a court denies a defendant's motion for summary judgment on an affirmative defense, as here, the defendant must raise his defense at trial to preserve it. And to preserve an argument for entry of a judgment different from the jury's rules 50A and B. Petitioners' attempt to avoid this outcome by distinguishing between evidentiary sufficiency arguments and questions of law has no basis in the rules. And it has nothing else commending it either. A clear line for issue preservation benefits litigants, district courts, and appellate courts. Petitioners' rule, by contrast, requires parties to predict in advance whether an appellate court will deem an issue legal or factual. His rule creates complexities when an opinion is unclear as to whether it rests on legal or factual grounds or both. And in cases where factual disputes foreclose judgment as a matter of law, like this case, it would give parties a new trial even if they did not follow any of the usual mechanisms for obtaining a new trial. Petitioners' claim that Rule 50 motions are pointless when a district court has  refined their arguments at trial. Judges see legal issues in a new light after gaining a deeper appreciation of the case. And in the many cases where legal questions have a connection to the evidence, the evidence may change at trial. A denial of summary judgment always means that the court remains open to persuasion at trial. I welcome the court's questions. Would your view be any different if the court had granted summary judgment an exhaustion in your favor? Yes. I think that would have made all the difference in this case. Why is that? Because a grant of summary judgment is a final adjudication of a claim or defense and it removes that claim or defense from the case for purposes of trial. Well, why wouldn't the petitioner simply argue that what you're saying now is the other side of the coin, that if it was denied petitioner, then it was actually in effect granting summary judgment to you? Because the rules have a clear mechanism for a district court to decide to do that, to decide to grant summary judgment in favor of the non-moving party. It's Rule 56F. The district court did not do that here. And that is an important choice. If the district court had done that at that time, that would have meant the district court would have said that if it was reversed on appeal, there would need to be a new trial on the remaining factual disputes relevant to exhaustion. But because the court did not take that affirmative step of granting summary judgment in our favor under Rule 56F, it simply kicked the can down the road to trial on this claim or this defense. And if at trial defendant had raised his defense, as he should have, he could have come to the court and said, I acknowledge you denied the motion. The defense remains live. But I don't have any new arguments for you. I don't have any new evidence, court. So we think the defense is foreclosed. And the court could have decided at that time whether to litigate the remaining disputes in one trial, to foreclose yet another trial if the legal ruling turned out to be wrong, or the district court at that time could have said, you're right, I don't want to litigate these remaining disputes now. I will either enter a judgment under Rule 56F in favor of the plaintiff, or I might choose to exclude your evidence. So just to clarify, you are saying that he needs to do something more than have a sentence in his Rule 50 motion, that he has to come forward at trial with his evidence, with like, I want to try this affirmative defense, and put it to the district court at that time? I think in the case of an affirmative defense, yes, the defendant needs to do that. Now, if he had moved under Rule 50, of course our response would have been, Rule 50 is just not available to you here because there are remaining factual disputes relevant to exhaustion that have not been tried in this case. When there's an affirmative defense and the burden is on the defendant, I do think the defendant needs to come forward in some way at trial and ask the district court to either try the defense or to acknowledge to the district court that he didn't have anything else to offer the district court. I mean, isn't Mr. Tutte right that in a case like this, the court is going to look at the person and say, what are you talking about? I already ruled against you. I don't think the district court necessarily would have come to that conclusion at all. We don't know because he didn't ask the court. But wait, did you read his opinion? I mean, it was not at all equivocal on the issue. The district court said, I don't need to resolve those disputes because I'm ruling on the matter with respect to the legal issue in this way, period. To the extent that district court had concern that his legal ruling at summary judgment could be reversed on appeal and acknowledging there were factual disputes remaining in the case, the court might have preferred to try those factual disputes at the first trial. It might not have. You know, you said the judge just might change his mind. And I'm sure there are recorded instances of that happening. There are, Your Honor. But surely it is in a distinct minority of cases. And your rule adds a lot of complexity to address that small minority. And I wonder if that makes sense. So district courts do change their mind. Of course, not in every case. And I would concede probably in the minority of cases. But trial is the main event in any case that goes to trial. And there's no complexity in requiring parties when they have a pure abstract question of law, which this case does not. But if there is an abstract question of law that was decided at a summary judgment motion, but that motion was denied, parties should address that issue to the district court in the Rule 50 motion to give the district court the chance to pass on that question with the full benefit of having sat through that trial and seen the evidence and gained a deeper appreciation of the case. I think this position puts a lot of pressure on the district court to allow you to put on whatever you want to put on, right? I mean, we couldn't really give you the legal ruling that you want without district courts feeling, okay, I guess the rules have changed. I have to allow people to put on evidence of a whole batch of things that I think I have and I can dismiss and I have dismissed as a matter of law. Not at all. The choice is the district court's. The district court in this case very well could have said, I don't want to hear that evidence. We're not going to present it to the jury. I made up my mind at summary judgment and if the court had excluded his evidence on exhaustion or had entered judgment in our favor under Rule 56F, that issue would have been preserved for appeal. But you have to put that choice to the district court and any other approach would allow a defendant in this situation to potentially sandbag or to hold back his defense from trial knowing there's a possibility the district court might want to litigate those remaining factual disputes. Defendants in this situation who have a procedural defense like exhaustion, a weak one like this defense, oftentimes don't want to try that defense to a jury because it detracts from the credibility of their defense on the merits. But do you deny that there is such a thing as a purely legal issue? No. I agree that there is such a thing. All right. If it's a purely legal issue and the district court makes a ruling at summary judgment that resolves the purely legal issue against the defendant and therefore doesn't grant summary judgment for either party on that, what is the point? And the evidence that's going to come in at trial has nothing whatsoever to do with a purely legal issue. What is the point of saying that the party that was unsuccessful at summary judgment has to raise the issue again? The point is that the party's arguments might change. They may have better or different arguments to commence a district court at that time. And the district court might just think about that legal issue differently after sitting through the trial. When a court denies summary judgment. It might just have a change of heart. If nothing that occurs at trial has a bearing on this purely legal issue, is there anything to prevent the district court from revisiting what the district court did earlier? If it believes, wow, I've thought about this some more and I was wrong or I've done more research on it? No. Of course a district court can reconsider its position. But again, I think it goes back to the structure of rule 56, which is a denial of summary judgment is not a definitive ruling on a claim or a defense. I'm sorry. Let's go back to when the district court will change its mind. In my experience, it's when something new is brought to its attention. Whether it's a decision by another court or it's a new factual situation or a new answer, here as Justice Jackson keeps pointing to the district court's decision, it wasn't relying on facts. It was saying as a matter of Maryland law, given the Maryland regulations, when an IAU is started, the grievance procedure must end. The warden's directed to end it. Now, what's interesting here is the warden didn't do that. And so I guess the argument is what happens when the warden doesn't follow its own internal regulations? And the court said it doesn't matter. It means that the grievance proceeding is no longer available to the prisoner. Are you disputing that recitation by me? No. That was the basis of the district court's decision. All right. So that is not dependent on facts. And what do you think would have caused the district court to change its mind on that legal issue if it had been raised again before the conclusion of the trial and after? Go ahead. If Petitioner had come forward with evidence that prison officials tell inmates that notwithstanding the fact that the warden is required to dismiss their Because on appeal, they can't raise that. They're stuck with the record they created. Their failure to raise the Rule 50 motion will bar them from expanding the record with new factual information. They're stuck with the legal argument they made below. But they would not have been at trial if they had prevented their dismissal. Yeah, but that's really not the issue before us. The issue before us is whether they can appeal. And what harm does that do to you? What harm that does to us is that if Petitioner had raised this defense at trial, we would have asked the district court to put on our evidence with respect to the issues of thwarting and opacity, which I highly back down. Why? Why? Because the district court had already ruled and said those were irrelevant to the trial. Why would the district court even let you do that when it says on the legal issue I've disagreed with you? To avoid a second trial if a district court got that legal question wrong. I have grave doubts that a district court would have thought that a separate trial on exhaustion should stop it from ruling on the main game, which was whether or not this prisoner had been assaulted on the order of prison. And why wouldn't the evidence you're talking about or that presentation be happening in the context of the initial summary judgment motion? I don't understand why. I mean, summary judgment requires the presentation of evidence as well. So to the extent they were making arguments about exhaustion at summary judgment, then whatever evidence they had related to that, they would have put on and you would have put on evidence in response to it. But we wouldn't have a trial that was sort of hijacked by this ancillary or different issue related to the question of exhaustion. Well, exhaustion is an affirmative defense. And if the court, of course, if the court had not decided anything at summary judgment, there would have been a trial. Let me ask it this way. What if, what if the very same evidentiary presentation that you're saying could have happened at trial actually took place beforehand in the context of the summary judgment motion? So the, you all say exhaustion, or I'm sorry, they say exhaustion. The court says, let me see your evidence. Let me figure it out. The court hears all the evidence and the court still makes this ruling. He says, I don't have to deal with the evidentiary presentations. I've decided I'm not going to rule on those. I'm going to make this legal ruling. Would it still be your argument that they hadn't preserved it, that they would have had to try to put that same evidence in at trial? Is your Honor asking if the judge were the one sitting as a fact finder or whether the judge is just. Well, at the summary judgment stage, the parties come forward with evidence. This is pre-trial. Correct. That happened in this case. Okay. So I guess what I'm saying is you seem to suggest that the problem is that the evidence related to this wasn't presented at trial. And so the reason why this isn't preserved is because that opportunity to have the jury weigh in on the evidence was not allowed in this situation. Am I wrong about the problem that you're. That is one problem. The fundamental problem here is that the district court denied summary judgment and did not finally adjudicate this defense. And it was incumbent on the defendant as a result to raise it at trial. Go ahead. Sorry. I take it from your brief that you're skeptical that a 12B6 motion is appealable after final judgment. Am I reading that correctly? That's correct, Your Honor. And to the extent that petitioner suggests that it's well established that 12B6 denials are reviewable on appeal, that's just not correct. But that's a purely legal question because in that context, you're assuming that all the facts are true and it is just a question of law. But I take it that you're saying, well, but they could at the end of trial make a 12C motion. And so they should go through that extra step. Or it makes sense for them to go through an extra step. Why? 12B6 motions deal with the sufficiency of the pleadings. And by the time a case has gone to trial, the evidence overtakes those pleadings. Petitioner cited not one case where any court of appeals has reviewed the denial of a 12B6 motion. He points in his reply brief to this court's decision in the Hughes Aircraft case. But there the question was one of subject matter jurisdiction. And, of course, subject matter jurisdiction is always reviewable on appeal. Counsel, we used to live in a world of trials. Now nobody wants to try it. Everybody wants to do everything on the papers. I go to trial, Your Honor. I miss it, too. It's a lot of fun, isn't it? It sure is. Yeah. More fun than here. I expect you're having fun here today, too, though. There's only one judge at trial. Yeah. Touche. I take your point fully that the district court denied summary judgment rather than granted summary judgment and could have granted summary judgment if the judge wanted to do so and chose not to under Rule 56F. I get that. I understand all of your points about this case as nothing being finally resolved. However, the QP we took assumed that there's a pure legal question, right? And that probably isn't the case, is your argument, which might counsel for a dig, but the court hates to do that, okay? And what's wrong with saying, like the Seventh Circuit has, that most questions are going to be fact-bound or have a fact component to them and are not reviewable, but there are some discrete questions of law that are reviewable, even if not presented in a Rule 50 motion. For example, as I think you conceded, if the court had granted a Rule 56F decision in your favor, that would have been reviewable, you say. Correct. So can we answer the QP and say, yeah, there are some discrete legal questions that can be reviewed on appeal. Whether this case, as Justice Barrett said, falls into that category or does not, we do not suggest any view at all. That would be a somewhat strange holding to leave that critical question to the court on remand. If the court does not wish to dig the case because this case does not present a pure legal question, certainly his defense as a whole does not present a pure legal question, then I think what the court should do is say, again, there may be very abstract questions of law, like, let's say, whether a cause of action exists is a completely abstract question of law that do not need to be preserved under Rule 50 motion. But where what petitioner is asking for is for the Fourth Circuit on remand to not only decide the question of law, but to decide the sufficiency of the evidence on the alternative issues of thwarting and opacity. He wants the court to look at the summary judgment record and determine whether the evidence was sufficient, which is exactly what this court said in Ortiz. You want us to do that, though, right? Like, you're not opposed to the rule Justice Gorsuch is articulating, right? Like, there might be some purely legal question, like whether a cause of action even exists, that might be appealable without a Rule 50 motion. But you're saying, because this case isn't, it would be very strange for you to simply say, yep, some might be appealable, remand to the Fourth Circuit to figure out whether this one is. You would like us, if we wanted to take that position, to say for ourselves, this was inextricably wound up with disputed facts, and so this one wasn't appealable. Yes, and that's what the court did in Ortiz v. Jordan. This court made that decision in Ortiz v. Jordan and didn't remand it back to the lower court. Rule 1 of the federal rules, as you know, says that they should be construed, administered, and employed to secure the just, speedy, and inexpensive determination of every action and proceeding. So if that's our kind of north star, the other side makes a big point that this would not serve those purposes at all and would be contrary to those purposes. Do you want to respond to that? Sure. Clear rules for issue preservation serve those purposes. It's why, by the way, we require parties to get up at the charge conference and object to every single jury instruction, even if the legal issues have been exhaustively litigated before the charge conference. It's why we require a Rule 50b motion, even after a Rule 50a motion. These rules are an essential part of the rules. They ensure clarity of the record for the appellate court, and they allow the parties one final opportunity to litigate these key legal issues, such as the jury instructions, such as Rule 50, with the benefit of the entire trial. But going back to Justice Alito's point, I mean, that might be an argument for why we should have a rule of this kind and put it in the rule book. But there is no such rule. And given that there is no such rule, this just looks, your position just looks as though it's a trap for the unwary. Well, his rule is more of a trap for the unwary because it will require parties in advance to figure out what side of the line their issue falls on, which is why the circuits on his side of the split still tell parties in their I think the court is entitled to presume some baseline level of competence from lawyers who are practicing in the federal courts that they will read this court's decisions on an issue as critical as how to preserve issues for appeal. And so the idea that some parties might not read this court's cases, I don't think, is a sufficient ground for this court to construe the rules one way or the other. Well, whether the petitioner is entitled to succeed on the ground that your client didn't exhaust is not a pure legal issue. But why isn't the question that was the basis, why wasn't the district court holding that the IIU investigation made the ARP process not available to the Mr. Younger a pure legal question? I think it's close to a pure legal question, but I... Why is it not over the line? Because petitioner's arguments for why he's correct on that issue depend on facts about the fact that there are certain inmates that have received relief even while one of those investigations was pending. So even his argument on that abstract legal question does not point the court to a regulation or a law. There is no regulation or law that says in this circumstance that an inmate can receive relief. His argument on that question depends very much on factual evidence, anecdotal evidence of inmates receiving relief in that circumstance. And so the trial that you are positing would be trying those facts? I guess I'm trying to understand. So Justice Alito raises the question, don't we have a legal issue here? You say no, it still turns on facts. So can you help me to understand how it turns on facts and how they would be resolved by some additional trial or something? Sure, I can give the court a very concrete example. Petitioner points to the example of another inmate, Mr. Lee, who was assaulted at the same time who received relief from the IIU investigation. He put his file into evidence at the summary judgment record. I don't see anything in that file. It's at JA 200-204 that suggests that Mr. Lee took the middle step, the futile appeal to the commissioner of corrections that petitioner claims our client needed to do. Right, but we're not trying whether or not Lee did it or not. We can assume all of the facts that relate to how other inmates actually litigated their or processed their claims. Can't the court of appeals do that and then just answer the legal question, does the fact of the investigation mean that it's available or unavailable? The court could decide that particular question, but there's still all of these remaining factual issues in the case relating to opacity, thwarting. And as I take his position, the Fourth Circuit would have to decide on the basis of the record at summary judgment whether there were disputes of fact to determine whether or not he would be entitled to the relief that he seeks. And that's the kind of analysis that this Court said in Ortiz v. Jordan. Appellate courts should not be doing with respect to summary judgment rulings. If he had posed that question to the district court in the first instance at trial, we would already know the answer to all of these questions. And you're saying the fact that he posed it to the district court at summary judgment was not enough? It had to come in in the trial? Well, the district court said there were factual disputes at summary judgment, and if he had gone to the district court at trial and said, I think your ruling forecloses my defense, the district court might have said, you're right, we're done with that defense, in which case he would have an appeal. But the district court might have said, I want to try those factual disputes so we can foreclose a second trial if I was wrong about that legal question. Well, if we were to rule against you along the lines that Justice Gorsuch mentioned as a possible, it's not necessary, may well not do that, but if we were to rule against you on that ground, I bet that on remand to the Fourth Circuit you would argue that the issue was waived because it wasn't raised in the Fourth Circuit brief, and it was waived because they didn't make an evidentiary proffer at trial. Wouldn't you make those arguments? We would make every available argument, yes, Your Honor. Okay. So, you know, that wouldn't decide that. You say that all those things would have to be tried. Maybe they wouldn't have to be. I think I'm struggling to understand exactly what the question is, but I do think it would be a somewhat strange holding for the court to say,  but we're not going to decide whether this case is one of them and we're going to let the Fourth Circuit figure that out in the first instance. Justice Thomas? Justice Alito, any further? Justice Gorsuch? Justice Jackson? Thank you, Counsel. Thank you. Mr. Tutte, rebuttal. Thank you, Mr. Chief Justice. A few simple points. Appellant courts should correct legal errors that are apparent on the face of the record. Cases should come out the right way, not the wrong way. We shouldn't waste everyone's time with pretend trials about issues the district court has already conclusively rejected at summary judgment. I had a whole rebuttal prepared for opposing counsel to back off on the idea of you have to press it at trial since that would be an invitation to have all kinds of forfeitures of issues because there's just no one way to sort of press things in a way that would ensure preservation, so you would end up with the worst of all possible worlds. You'd have counterfactual fake trials where district courts would all decide that you weren't allowed to put on your evidence in different ways because each of them is not going to want to waste the juror's time. You know, we've had cases where the judge has said I've had to call jurors' jobs because, you know, their job is telling them that they can't be here and so let's speed up this trial. And they're saying maybe we should have extra days, you know, where at the end of the actual trial you say, you know, I know that the case is in. I'm ready to instruct you, but actually there's this issue on which the defendant cannot win. I already ruled against them at summary judgment, but we're going to need to have evidence come in on it. You know, this is just appellate preservation rule. Don't worry. You can put your pens and pencils down. You don't have to do anything. You're just going to sit here for a couple of days as we have this trial on this issue that the defendant cannot win. We just think that that would be preposterous. It would never happen. It is not how it is done. The only question really in this case is should there be one sentence at the JMOLE stage or should there not be one sentence at the JMOLE stage. And if that's the rule, then the posture of the appeal is exactly the same. The posture of the appeal, whether you took it from summary judgment or whether you take it from the one-sentence JMOLE. Any extra fact issues are still going to have to be tried if there is a remand. And I take it that Mr. Younger actually wants a remand and he believes that a remand would be fair to him, that he would like to have a chance to try out the exhaustion defense. I don't see how any right of Mr. Younger's is prejudiced by this rule. It just means we're going to have to go and actually try this issue that he already won because he won even bigger in the first case at an earlier stage in the case. I'd just like to say we think that this case, as Justice Barrett has pointed out, can be resolved in a very simple way. We do think the court can actually say what a purely legal issue is. So we think the court says there is such a thing as a purely legal claim that can be denied at summary judgment and that can be appealed. And we think that that kind of claim would be a claim that can be resolved with reference to the undisputed facts. Decide the case on that basis, and that's it. And say reversed at the end. Thank you, Your Honor. Thank you, counsel. The case is submitted.